AO 91 (Rev. 12/93) Criminal Complaint

**In United States District Court**
**For the District of Delaware**

UNITED STATES OF AMERICA

v.

DWAYNE SKINNER,

Defendant

Criminal Complaint

CASE NUMBER: 08- 103 -M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about June 12, 2008, in the District of Delaware, Defendant did:

knowingly possess in and affecting interstate and foreign commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year, in violation of Title 18 United States Code, Section(s) 922(g)(1) and 924(a)(2); and

knowingly possess with intent to distribute a mixture and substance containing a detectible amount of cocaine base, in violation of Title 21 United States Code, Sections 841(a)(1) and (b)(1)(C).

I further state that I am sworn as a Special Deputy U.S. Marshal and am assigned to the ATF and that this complaint is based on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:   Yes

_____
David C. Rosenblum
Special Deputy U.S. Marshal assigned to the ATF

Sworn to before me and subscribed in my presence,

June 13, 2008                                             at   Wilmington, DE
Date                                                           City and State

Honorable Leonard P. Stark
United States Magistrate Judge                                 _____
Name & Title of Judicial Officer                               Signature of Judicial Officer

AFFIDAVIT OF PROBABLE CAUSE: ATF Task Force Officer and Special Deputy U.S Marshal David C. Rosenblum

Your Affiant Detective David C. Rosenblum has been a Wilmington Police Officer for approximately 10 years and is currently assigned as a Task Force Officer (TFO) with the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), whose duties include the investigation into firearms offenses committed in Wilmington, Delaware. Your Affiant has been authorized to seek and execute arrest and search warrants supporting a federal task force through Deputization by the United States Marshal's Service. During this Officer's employment as a Law Enforcement Officer, Your Affiant has authored in excess of 400 felony arrests warrants for crimes, some of which involved illegal narcotics and firearms. Prior to Your Affiant's current assignment, this Officer was assigned to the Wilmington Police Drug, Organized Crime, and Vice Division, Operation Safe Streets Task Force where Your Affiant has conducted over an estimated 1000 investigations into illegal narcotics and/ or firearms offenses whereby, this Officer seized numerous weapons along with large amounts of narcotics and suspected drug proceeds. During Your Affiant's tenure as a Law Enforcement Officer, Your Affiant has received over 275 days of training from the DOJ, FBI, ATF, DEA, DSP, WPD, DOC, Royal Canadian Mounted Police, North East Counter Drug Training, Homeland Security, California Highway Patrol and other law enforcement agencies. Your Affiant has been qualified in Delaware Superior Court and Federal Court, District of Delaware to provide expert testimony on the intent to distribute controlled substances and has testified as an expert in approximately 15 felony drug trials. During the course of previous investigations, Your Affiant has had conversations with federal agents and law enforcement officers with knowledge and/ or expertise in firearms offenses dealing with interstate nexus of firearms crossing state lines thereby affecting interstate commerce.

1.  Unless otherwise stated, the information in this affidavit is based upon Your Affiant's personal knowledge and conversations with other Wilmington Police Officers. Because this affidavit is solely for establishing probable cause, not all facts related to this investigation are included herein.

2.  The events stated below occurred on or about 12 June 2008, in the City of Wilmington, State and District of Delaware, as stated to me by at least two Wilmington Police Officer.

3.  Police Officers from the Wilmington Police Drug, Organized Crime, and Vice Division (DOCV) executed a State search warrant on 12 June 2008. The target of the search warrant (Defendant DWAYNE SKINNER) was known to the investigating officers as being wanted out of Delaware Court of Common Pleas for two capiases, one of which was failure to appear for traffic charges. Upon approaching the target residence SKINNER was observed seated in the front passenger seat in a van parked in front of the target residence. Upon approaching the van, two WPD officers assisting in the search warrant observed SKINNNER manipulating an object in his hands then upon observing the approaching officers reached his hand in a downward motion toward the right side of the passenger seat toward the floorboard located between the seat and the door.

4. The officers who observed the behavior described in paragraph 3 dek [*3 dek* handwritten] opened the passenger side van door to detain the defendant. Upon opening the door, the contacting officer immediately identified a firearm in plain view located on the floorboard between the door and seat next to the rocker panel of the van. SKINNER was placed into custody. It should be noted that the van was occupied by two additional males; one seated in the rear seat and one in the driver seat.

5. Search incident to the arrest, SKINNER was found to possess 22 bags of a white chunky substance that was later identified by an officer assigned to the DOCV as crack cocaine, field tested positive for cocaine, and had a total gross weight of 2.2 grams. According to Your Affiant's training and experience, the packaging of the crack cocaine is consistent with possession with intent to distribute.

6. Your Affiant along with a Wilmington DOCV detective later interviewed the suspect post Miranda Warning. Prior to conducting the interview, the defendant consented to the interview. During the interview, the defendant stated in part that the crack cocaine discovered in his pocket was for sale. The defendant denied possessing the firearm in the van but stated he observed the weapon in the vehicle as he entered same. He further advised he was aware he was a convicted felon. Lastly, the defendant, despite denying possessing the firearm at the time of the arrest admitted possessing the firearm on an earlier date and added that he possessed the firearm on the earlier date to move it from one concealed location to another. He described the concealed location as being in a yard of a vacant residence a few houses away from his own. He stated he moved the weapon because he was instructed to do so by another individual who he failed to identify.

7. Your Affiant physically inspected the weapon which is described as a Taurus PT-22, 22 caliber LR bearing serial number AWD20181 made in USA-Miami, FL which contained 7 rounds in the magazine.

8. Your Affiant reviewed the Delaware Justice Information System Database (DELJIS) and verified that SKINNER, in the New Castle County Superior Court, has a number of criminal convictions that are punishable by imprisonment for a term of exceeding 1 year, including Maintaining a Dwelling for Keeping Controlled Substances (7/31/06), Possession with Intent to Deliver a Narcotic Schedule II Controlled Substance (7/31/06), Possession of a Deadly Weapon (Firearm) by a Person Prohibited (7/31/06), Theft $1000 or Greater (Deprive Person) (4/8/2000), and Conspiracy Second Degree (5/15/2000.)

9. After physically inspecting the weapon and from my training and experience, and after discussion with an ATF Agent who is expertly trained and experienced in determining the interstate nexus of firearms, Your Affiant believes that the above described weapon is a firearm as defined in 18 U.S.C., Chapter 44, Section 921(a)(3) and was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate

or foreign commerce.

Wherefore, based upon Your Affiant's training and experience, Your Affiant believes that there is probable cause to believe that the defendant violated:(1) 18 U.S.C. §§ 922(g)(1) and 924(a)(2), by knowingly possessing in and affecting interstate commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year, and (2) 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), by knowing possession with intent to distribute a mixture and substance containing a detectible amount of cocaine base, and respectfully requests that the Court issue a Criminal Complaint charging this offense.

_____
David C. Rosenblum
Task Force Officer, ATF
Special Deputy U.S. Marshal


Sworn to and subscribed in my presence
this 13 day of June 2008

_____
The Honorable Leonard P. Stark
United States Magistrate Judge