AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of     DELAWARE

UNITED STATES OF AMERICA
V.
DWAYNE SKINNER,
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 08-103-M

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- **X** (1) There is probable cause to believe that the defendant has committed an offense
  - **X** for which a maximum term of imprisonment of ten years or more is prescribed in   21 USC § 841
  - ☐ under 18 U.S.C. § 924(c).
- **X** (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

~~I find that the credible testimony and information submitted at the hearing establishes by~~ ☐ clear and convincing evidence ☐ a preponderance of the evidence that

Based on the information before the Court, including that provided by the probation office as well as the parties by proffer during the detention hearing, and the affidavit supporting the complaint and the evidence elicited during the preliminary hearing, the Court finds that the Defendant has failed to rebut the statutory presumption that no combination of conditions could reasonably assure the safety of the community between now and the time of trial and that the Defendant would appear for all Court events in this matter.

The Court has reached these conclusions based on the following findings and for the following reasons:

the nature and circumstances of the offense: the Defendant is accused of possession with intent to distribute cocaine base and possession of a firearm by a previously-convicted felon. On June 12, 2008, as law enforcement officers were intending to execute a search warrant on the Defendant's residence, they observed the Defendant in the front passenger side of a vehicle. Officers saw the Defendant manipulate an object in his hands and then reach his hand in a downward motion toward the floorboard between his front passenger seat and the front passenger door of the vehicle. Upon opening the front passenger door, an officer immediately identified on the floorboard between the front passenger door and the front passenger seat a Taurus PT-22 loaded firearm. In the Defendant's pocket officers found 22 bags of crack cocaine with a total gross weight of 2.2 grams. The Defendant stated that the crack cocaine discovered in his pocket was intended for sale. He further stated that he knew the firearm was in the vehicle, but that it belonged to one of the two other people who had been in the vehicle with him. He also said that he had possessed that firearm on an earlier date. The firearm was manufactured outside of Delaware and necessarily traveled in interstate commerce prior to June 12, 2008. The Defendant has at least one prior felony conviction, as noted below.

the weight of the evidence: there is at least probable cause established for both charged offenses.

AO 472 (Rev. 12/03) Order of Detention Pending Trial

<u>the history and characteristics of the Defendant:</u> the Defendant has an extensive criminal history, including convictions in July 2006 for possession of a deadly weapon by a person prohibited, possession with intent to deliver a schedule II controlled substance, and maintaining a dwelling for keeping controlled substances. He is presently the subject of a protection from abuse order relating, in part, to allegations involving him and two firearms. His record further shows five traffic offense related capiases and seven criminal offense related capiases, including five failure to appear capiases on his criminal record. While the Defendant is a lifelong resident of Delaware, has children here, has the support of family members, and is a severe diabetic, the Defendant's history and characteristics – along with the other factors the Court must consider – do not rebut the presumption of detetion with respect to either risk of non-appearance or danger to the community.

<u>the nature and seriousness of the danger to the community that would be posed by the Defendant's release:</u> prior convicted felons possessing firearms to use in furtherance of distributing illegal drugs pose a substantial danger to the community.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| JUNE 18TH, 2008 | |
|---|---|
| Date | Signature of Judge |
| | Hon. Leonard P. Stark |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).